## Elmer Sponsler et al. v. Frank Williams.

1. VERDICT—*when set aside as against the evidence.* Before a verdict will be set aside as against the evidence, it must appear from the record that it was the result of passion, prejudice or mistake, or that it is so manifestly against the weight of the evidence as to justify such inference.

Action on the case for malicious prosecution. Appeal from the Circuit Court of Jackson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

ANDREW S. CALDWELL, for appellants.

LIGHTFOOT & HARKER and M. M. THOMPSON, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellee against appellants in the Circuit Court of Jackson County to recover damages for an alleged malicious prosecution of appellee and his unlawful expulsion from the occupancy and possession of a coal mine.

Appellants, Fraser and Sponsler, are president and superintendent, respectively, of the Carbondale-Carterville Coal & Traction Company, the owner of a country coal mine near Carbondale, known as the "Sponsler Mine." In May, 1903, Frank Williams, appellee, was hired by appellants to work in the said mine at setting props, cleaning up the mine and getting out some coal. For this he received $2 per day. He continued work under this arrangement until about the middle of June, 1903, when another contract was made, by which appellee and one Mason were to supply the tools, powder and oil, and perform or furnish all the labor necessary in doing the work required. The appellants were to furnish the needed props and material for tracks and switches. Appellee and Mason were to mine the coal and deliver it on top at the dump, for which appellants were to pay a specified rate per ton. Under this

arrangement appellee and Mason worked together until August, when Mason quit; after which appellee continued the work and received compensation as before. Fraser, the president of the company, and appellee talked of making a change in the arrangement, by which appellee would work for wages, $2 a day, instead of being paid by the ton as theretofore. As to the agreement then made, it is claimed by appellee that he was to accept Fraser's proposition to work as a miner at $2 a day and give up possession of the mine, on condition only that appellants would reimburse him the money already expended in preparing the mine for effective work, which, he claims, was upwards of $500. From the last-mentioned date until November 1, 1903, appellee worked for appellants, receiving $2 a day, but appears to have continued in possession and control of the mine as before, all the while insisting on reimbursement, as above stated. On Sunday, November 1st, appellants made complaint under oath before a justice of the peace and obtained a warrant for the arrest of appellee. The warrant was placed in the hands of a constable and appellee was arrested and put in jail, and kept there until Monday evening, when he was released without bail. On hearing held the next day, the defendant was found not guilty and discharged.

There are two counts in the declaration, to each of which the general issue was filed. The first charges a malicious prosecution; the second, or additional, count charges the unlawful expulsion of the plaintiff from the occupancy and possession of the coal mine in question. A trial by jury resulted in a verdict and judgment for the plaintiff for $400 from which defendants appealed. The trial court practically ruled and instructed against any right in appellee to recovery upon the second count of his declaration, and in argument here it is conceded that the judgment must be sustained, if at all, upon the charge of false imprisonment set out in the first count. We are therefore called upon to consider only the errors assigned and argument of counsel respecting the rulings and instructions of the court in the

trial of issues made by the first count and plea. It is insisted by counsel for appellants, and to this his argument is chiefly directed, that the verdict was not warranted by the evidence. To maintain that contention and to authorize this court to reverse the judgment for that reason it must appear from the record that the verdict of the jury was the result of passion, prejudice or mistake, or that it is so manifestly against the weight of the evidence as to justify such inference. Where there is conflict of evidence bearing upon all the material issues on trial, the verdict of the jury is conclusive, unless there is misdirection by the court or other error of law in the proceedings calculated to move or influence the jury to the prejudice of the defeated party. To maintain his cause of action, the appellee was required to prove that appellants, in swearing out the warrant and causing his arrest and imprisonment, acted without probable cause for believing him guilty of the threats set out in the complaint, or other threats of like import, and that what was done by appellants was through malice and ill-will toward appellee and not from fear of injury as professed. The evidence that plaintiff on hearing by the justice of the peace was found not guilty and discharged; that he did not make the threats set out in the complaint; that when arrested he was in lawful possession of the mine claimed by appellants, who were seeking to oust him; that for days intervening the alleged threat specially complained of and the arrest, the appellee and appellants worked together apparently on friendly terms; that in the controversy giving rise or occasion to the alleged threats, the appellee was contending for what he believed to be his right against an unwarrantable aggression or threatened aggression of appellants; and that the complaint and arrest was so timed as to serve an apparent purpose of appellants to oust the plaintiff and in this summary way gain possession of the mine, tend strongly to prove appellee's case and to support the theory that appellants resorted to criminal process to effect a civil remedy. It is sufficient to say that the evidence tended to prove the

above facts, and while the evidence of appellants is in rebuttal, or contradiction, it was for the jury to determine from all the evidence on which side the weight and preponderance lay. From this record we are unable to say that the verdict is against the preponderance of the evidence and that the trial court erred in refusing to set the verdict aside for that reason. The complaint of the trial court's rulings on the admission of testimony, and in refusing appellants' fourth instruction, need not be considered for reasons already stated. The evidence objected to and the fourth refused instruction relate to issues made by the second count, which is out of the case on this appeal. We find no error in refusal of appellants' first, fifth, sixth and seventh instructions and none is pointed out in argument. The instructions given fully cover every proposition of law for which appellants contended in the court below or in this court, and we think they suffered no prejudice in the trial by the refusal to give other instructions offered. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*